IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-287-FL

| | |
|---|---|
| JAMES K. PENDERGRASS, JR., Escrow Agent, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) ORDER |
| DONALD SULLIVAN, also known as James D. Sullivan; and the UNITED STATES OF AMERICA | )<br>)<br>)<br>) |
| Defendants. | ) |

Filing this date by Donald Sullivan, a/k/a James D. Sullivan ("Sullivan") gives the court cause to reconsider aspect of its ruling yesterday. Sullivan now has been served with summons and complaint. While the return has yet to be filed this defendant acknowledges service was accomplished July 16, 2014. Now comes today his request for temporary restraining order and permanent injunction (DE 24), which also sounds in furtherance of his denial of plaintiff's allegations in complaint (DE 1) and opposition to plaintiff's motion to deposit funds (DE 4), making ripe that motion filed May 21, 2014.

COURT'S DISCUSSION

The background of the case having been set forth in order entered yesterday, to which

reference is made, the court's discussion here focuses on several discrete issues.

First, defendant United States of America is relieved of responsibility for obtaining service of process on defendant Sullivan. However, it must within seven days file a certificate of service showing that it mailed to him its answer and counterclaim and any other filing in the case made by it, addressed to Sullivan at Post Office Box 441, Atkinson, North Carolina 28421.

Second, the same goes for plaintiff who shall mail all filings on his behalf from and after the summons and complaint, to Sullivan, and file a certificate of service, as well as the outstanding return of service, within seven days.

The clerk of court is directed to serve copies of all orders in the case upon this defendant by mail, at the given address.

In his request for injunctive relief filed today, Sullivan seeks to enjoin plaintiff from tendering the Escrowed Funds to the clerk of court. He focuses more particularly, too, on the Internal Revenue Service ("IRS"), serving an individual revenue agent with this pleading, no doubt unaware of defendant United States of America's appearance in the case and its asserted claim directly against the funds at issue.

Defendant Sullivan makes reference to the IRS's need to update its records to reflect discharge, as he contends, of the alleged tax liability. He seeks a permanent injunction as against it.

As to plaintiff's motion, there is no good cause offered by Sullivan why plaintiff cannot be relieved of the prosecution of this action which rests as between the two defendants.[1]  It is the

---

[1] Unless plaintiff shows some cause why he should remain in this lawsuit, i.e. to pursue costs, the court is prepared to dismiss him from the action.
2

court's determination of the claim against Sullivan that the United States of America makes, including Sullivan's defenses thereto, which will be dispositive of the action. Neither the plaintiff nor the clerk of court has interest in the proceeds.

While the United States of America did not separately respond to plaintiff's motion, now having considered the response filed today by Sullivan, plaintiff's motion is allowed. Accordingly, request by defendant Sullivan for a temporary restraining order enjoining plaintiff is denied. And it also follows that Sullivan's motion to quash and motion to dismiss must be and are denied. As noted, the court does not rule on plaintiff's entitlement to recover costs. Sullivan's response time to the claim of the co-defendant will begin to accrue when the United States of America serves upon him its pleading.

## CONCLUSION

For the reasons given:

1. Plaintiff's motion to deposit the Escrowed Funds in the amount of $45,000.00 into the custody of the clerk of court for the Eastern District of North Carolina (DE 4) is ALLOWED, and plaintiff is relieved of any liability upon that payment for the Escrowed Funds. The court does not rule on plaintiff's entitlement to recover costs. If plaintiff would seek to abandon that claim, upon such notice, the court is prepared promptly to dismiss him from the action (but not before plaintiff has tendered to the court his certificate of service showing service by mail of plaintiff's filings in the case from and after summons and complaint, and the separate proof of service of summons and complaint, for the court's records, all within seven days).

2. Defendant Sullivan's motion to quash (DE 14) is DENIED, and the remaining part

3

of his motion to dismiss (DE 14) also is DENIED.

3. Defendant Sullivan's request for temporary restraining order (DE 24) is DENIED. His motion for permanent injunction remains pending, where the response time has not yet elapsed. The court reserves decision as to whether any hearing would aid the court in its disposition of that motion.

4. Defendant United States of America is relieved of responsibility for obtaining service of process on its co-defendant, as Sullivan now has been served with summons and complaint. However, this defendant also has been ordered to serve by mail on defendant Sullivan its answer and counterclaim/crossclaim, and any and all other filings of record made by or on behalf of the United States of America, and to file its certificate of service to that effect also within seven days.

5. Defendant Sullivan will take note that his twenty-one (21) day response time shall accrue from and after service of the answer and counterclaim/crossclaim upon him.

6. The clerk of court also will serve defendant Sullivan with copies of the court's orders to date via mail.

7. Defendant Sullivan no longer will serve the IRS agent with his filings; rather, service upon the United States of America shall be through its appointed counsel, Lee Perla, United States Department of Justice, Post Office Box 227, Ben Franklin Station, Washington, D.C. 20044.

SO ORDERED, this the 18th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge