IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-287-FL

| | |
|---|---|
| JAMES K. PENDERGRASS, JR., Escrow Agent, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DONALD SULLIVAN, also known as James D. Sullivan; and the UNITED STATES OF AMERICA | ) ) ) ) |
| Defendants. | ) ) |

ORDER

This interpleader action is before the court on two motions filed by defendant Donald Sullivan, a/k/a James D. Sullivan ("Sullivan"), specifically a motion to quash/dismiss counterclaim (DE 44), and motion for clarification (DE 49). Also pending before the court is a motion by defendant United States of America (the "United States") for summary judgment and for disbursement of funds (DE 45).

BACKGROUND

Plaintiff filed complaint in interpleader May 21, 2014, seeking to be allowed to pay escrowed funds into the custody of the clerk of court in the amount of $45,000.00 (the "Escrowed Funds"). Plaintiff also sought to be absolved of any liability for the Escrowed Funds, to recover fees and costs, and to position defendants to assert whatever claims they may have to the Escrowed Funds. On July 16, 2014, the United States filed an answer to the complaint in interpleader, a cross-claim

in interpleader against defendant Sullivan, and a counterclaim against plaintiff to foreclose on federal tax liens on the Escrowed Funds.

By orders entered July 17, 2014, and July 18, 2014, the court allowed plaintiff to deposit the Escrowed Funds into the custody of the clerk and relieved plaintiff of any liability upon that payment for the Escrowed Funds. The court held under advisement ruling on plaintiff's entitlement to recover costs, pending notice of abandonment of such claim. The court also denied several motions filed pro se by defendant Sullivan, including motion to quash, motion to dismiss, and motion for injunctive relief, premised upon lack of jurisdiction. The court directed defendant United States to serve its answer and counterclaim/crossclaim upon defendant Sullivan, and the court directed defendant Sullivan to serve a response within 21 days.

On July 22, 2014, noting plaintiff's abandonment of claim for costs, the court ordered that absent good cause shown within 14 days, the court would dismiss plaintiff with prejudice from the case, and the case would remain as between defendant United States and defendant Sullivan. On August 1, 2014, and on August 6, 2014, the court granted defendant Sullivan an extension of time to answer plaintiff's complaint. On August 18, 2014, the court denied defendant Sullivan's request to reconsider dismissal of plaintiff, and the court denied defendant Sullivan's motion for injunctive relief remaining. The court at that time allowed defendant Sullivan until September 10, 2014, to respond to the cross-claim by defendant United States.

Defendant Sullivan filed a motion to stay on August 28, 2014, seeking to stay all proceedings and discovery in this matter up to and including November 24, 2014, for health reasons and to allow further factual developments. On September 2, 2014, defendant Sullivan filed a motion to "quash/dismiss counterclaim" due to lack of jurisdiction, improper venue, and lack of standing. In

2

the meantime, on September 5, 2014, defendant United States filed its motion for summary judgment and motion for disbursement of funds.

On September 8, 2014, the court entered the following text order:

TEXT ORDER regarding 43 MOTION to Stay filed by Donald Sullivan - Recently the court ordered that defendant Sullivan has up to and until September 10, 2014, absent further request for more time due to health considerations or for other reason, to respond to the USA's cross-claim against him. Defendant has now filed a motion seeking a further stay of proceedings up to and until November 24, 2014, due to health issues ongoing. Before ruling on same, defendant now has responded to said cross-claim. Accordingly, the court dismisses the motion to stay as MOOT.

On September 19, 2014, defendant Sullivan filed a motion for clarification regarding this text order. Defendant United States filed a response to the motion to quash/dismiss counterclaim that same date.

DISCUSSION

A. Motion for clarification

Defendant Sullivan seeks clarification regarding the court's September 8, 2014, order in several respects, which the court will address in turn.

First, defendant Sullivan seeks clarification on whether his motion to quash/dismiss counterclaim served as a responsive pleading to the cross claim of the United States. For purposes of clarification, the court confirms that it does so construe defendant Sullivan's motion to quash/dismiss. Although defendant Sullivan's motion to quash/dismiss is on its face directed at the counterclaim asserted by defendant United States, the counterclaim was rendered moot by the dismissal of Pendergrass and deposit of the Escrowed Funds into the court's register. (See Order, July 22, 2014); see Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 705 n. 2 (1972) ("[U]nder Federal Rule of Civil Procedure 22, a defendant seeking interpleader must frame his pleading either as a cross-claim seeking relief against a co-party already in the lawsuit, or as a counterclaim seeking

3

relief against the plaintiff."). Because the counterclaim is moot, the court construed previously defendant Sullivan's motion to quash/dismiss as an answer to the cross-claim asserted by defendant United States. (See Text Order, September 8, 2014).

Second, defendant Sullivan seeks clarification on whether his motion to quash/dismiss serves as an answer to the cross-claim asserted by defendant United States, or whether he must file an additional answer. The motion is in substance both a response to the cross-claim and a motion to quash or dismiss the same. Therefore, for purposes of framing the pleadings, no additional answer is warranted.

Third, if defendant Sullivan must file an additional answer to the cross-claim, defendant Sullivan inquires whether the date for response to the motion for summary judgment remains October 2, 2014. Because no additional answer is warranted, this point of clarification is moot. Defendant Sullivan must respond to the motion for summary judgment in accordance with the terms and schedule set forth further below.

Fourth, if defendant Sullivan must file an additional answer to the cross-claim, defendant Sullivan inquires how he can file a response to summary judgment before an answer is due. Because no additional answer is warranted, this point of clarification is moot. Defendant Sullivan must respond to the motion for summary judgment in accordance with the terms and schedule set forth further below.

In sum, defendant Sullivan's motion for clarification is granted, and the court clarifies its September 8, 2014, text order as per the foregoing. The court turns next to address the substance of defendant Sullivan's motion to quash / dismiss.

4

B.  Motion to Quash / Dismiss

As noted above, defendant Sullivan moves to quash or dismiss the cross-claim of the United States on the basis of lack of jurisdiction, improper venue, and lack of standing. The court previously addressed the substance of defendant Sullivan's jurisdictional arguments, which included challenges to venue in this court and standing of the United States, in its July 17, 2014, order. The court's assessment remains the same, in that "arguments based on lack of subject matter jurisdiction fall flat, where [defendant Sullivan's] contention that the federal courts are without authority except upon consent of the person, and that plaintiff is engaging in treason, have no basis in law or fact." (July 17, 2014, Order at 3 (DE 21)). The arguments raised in the motion to quash/dismiss are duplicative and fail for similar reasons.

For example, defendant Sullivan argues that 28 U.S.C. § 2410 and 26 U.S.C. § 7402 apply to the "United States" but not "the UNITED STATES OF AMERICA." (DE 44 at 6). The two terms are, however, synonymous. Similarly, defendant Sullivan argues that "[u]pon information and belief" "[t]his court is not an Article III constitutional 'district court of the United States.'" (Id.). In fact, Congress has established this court, pursuant to Article III of the Constitution of the United States, notwithstanding the information and belief of defendant Sullivan. See U.S. Const., Art. III, § 1; 28 U.S.C. §§ 113, 132. In addition, defendant Sullivan argues that the Internal Revenue Service is not an agency of the United States. But, regardless of how the Internal Revenue Service is categorized as a federal government entity, Congress has established and authorized the United States to recover tax owed through a civil action, as here. See 28 U.S.C. § 2410; 26 U.S.C. § 7402.

In sum, defendant Sullivan's arguments as to lack of jurisdiction, improper venue, and lack of standing, are without merit. Therefore, defendant Sullivan's motion to quash / dismiss the cross-

5

claim of the United States must be denied. As noted above, the motion serves also as a responsive pleading to the cross-claim, and no further responsive pleading to the cross-claim of the United States is warranted. This matter will proceed to adjudication of the motion for summary judgment by the United States, in accordance with the schedule set forth below.

C.       Motion for Summary Judgment

Defendant United States moves for summary judgment on its cross-claim in interpleader against defendant Sullivan. The United States asserts that, by operation of law, the United States's tax liens attach to all of defendant Sullivan's property or rights to property, including any interest defendant Sullivan may have in the interpled funds. Accordingly, the United States argues that the court should grant summary judgment in its favor on its cross-claim in interpleader, and order that the interpled funds be disbursed to the United States.

Defendant Sullivan suggests in his motion for clarification that the summary judgment motion of the United States is premature. "A party may file a motion for summary judgment," however, "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). The standards governing summary judgment motions are well established.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then affirmatively must demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Only disputes between the

parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Similarly, "[c]redibility determinations . . . are jury functions, not those of a judge." Id. at 255. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id.; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

In this case, the United States has met its initial burden of demonstrating the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Defendant Sullivan therefore affirmatively must demonstrate with specific evidence that there exists a genuine

7

issue of material fact requiring trial.  Matsushita, 475 U.S. at 586–87.  Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment.  Anderson, 477 U.S. at 247-48.

The court hereby provides defendant Sullivan notice of his right to file a response to the motion for summary judgment, and that failure to respond may result in entry of summary judgment. In particular, defendant Sullivan must file a response to the motion for summary judgment by January 5, 2015. Federal Rule of Civil Procedure 56 provides procedures for opposition to a motion for summary judgment, including materials in the record to be considered upon summary judgment, as also set forth in letter from the Clerk of Court to defendant Sullivan, filed September 8, 2014.

## CONCLUSION

Based on the foregoing, defendant Sullivan's motion for clarification (DE 49) is GRANTED, and the court clarifies its September 8, 2014, text order as set forth herein.  Defendant Sullivan's motion to quash /dismiss counterclaim (DE 44), which the court' construes as a motion to quash / dismiss the cross-claim in interpleader by the United States, is DENIED.  No further responsive pleading to the cross-claim is warranted, and this matter shall proceed to adjudication of the motion for summary judgment by the United States.  Defendant Sullivan shall file a response to the motion for summary judgment by **January 5, 2015,** in accordance with the terms set forth herein.  The United States shall file a reply, if any, by **January 20, 2015.**

SO ORDERED, this the 2nd day of December, 2014.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge

8